

11-237-cr
United States v. Garcia

N.Y.S.D. Case #
95-cr-0445-3(HB)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

Present:
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> > *Circuit Judges*,
> JANE A. RESTANI,
> > *Judge*.[*]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 09, 2012

UNITED STATES OF AMERICA,

> *Appellee*,

v.     No. 11-237-cr

JUAN CARLOS GARCIA, AKA Lut. Hailey,

> *Defendant-Appellant*.

For Defendant-Appellant:     ROBERT J. BOYLE, New York, N.Y.

---

[*] The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

| | |
|---|---|
| For Appellee: | ANDREA L. SURRATT, Assistant United States Attorney, *of counsel* (Andrew L. Fish, Assistant United States Attorney *of counsel*) *for* Preet Bharara, United States Attorney for the Southern District of New York |

Appeal from the United States District Court for the Southern District of New York (Baer, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Juan Carlos Garcia appeals a January 13, 2011 judgment of conviction entered by the Southern District of New York (Baer, *J.*) following his guilty plea to a three counts of a five-count indictment charging him with: (1) possessing and conspiring to possess telecommunications instruments that had been modified and altered to obtain unauthorized use of telecommunications services, in violation of 18 U.S.C. § 371; (2) possessing telecommunications instruments that had been modified and altered to obtain unauthorized use of telecommunications services, in violation of 18 U.S.C. §§ 1029(a)(5) and 2; and (3) possessing a scanning receiver and hardware and software used for altering and modifying telecommunications instruments to obtain unauthorized access to telecommunications services, in violation of 18 U.S.C. §§ 1029(a)(6) and 2. On January 7, 2011, the district court sentenced Garcia to, principally, a thirty-three month term of imprisonment. On appeal, Garcia contends that the district court's sentence is substantively unreasonable under the standards set forth in 18 U.S.C. § 3553(a). We presume the parties' familiarity with the facts and procedural history of this case.

"We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard." *United States v. Hernandez*, 604 F.3d 48, 52 (2d Cir. 2010). In assessing the substantive reasonableness of a sentence, we set aside a district court's sentence "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted), *cert. denied*, 129 S. Ct. 2735 (2009). "We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Vacatur for substantive unreasonableness is warranted where "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d. Cir. 2009).

Upon careful review of the record, we conclude that the district court's sentence of a thirty-three month term of imprisonment, the low end of the applicable guidelines range, was substantively reasonable. The district court reasonably concluded that Garcia committed "a serious crime," given that his and his co-defendants' offense conduct resulted in "a loss [amount] of close to three-quarters of a million dollars." App. 67-68. Moreover, in light of the fact that sentencing courts are to weigh the "need for the sentence imposed . . . to promote respect for the law," 18 U.S.C. § 3553(a)(2)(A), the district court did not abuse its discretion in taking into account the fact that, after being released on bail, Garcia broke his electronic monitoring bracelet and fled from justice for over fourteen years. As to Garcia's argument that his co-defendants received shorter terms of imprisonment, *see* 18 U.S.C. § 3553(a)(6) (sentencing courts should consider "the need to avoid unwarranted sentence disparities among defendants with similar

records"), we have held that sentencing disparities are not unwarranted where defendants are not "similarly situated." *Fernandez*, 443 F.3d at 32. Here, Garcia was not similarly situated to his co-defendants in that his co-defendants all pled guilty in advance of trial and immediately served their sentences, whereas Garcia fled from justice for fourteen years before being apprehended attempting to reenter the United States.

We have considered Garcia's other arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit